# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 2, 2010 Session

## BOB FANNON  v. CITY OF LaFOLLETTE ET AL.

### Appeal by Permission from the Court of Appeals
### Circuit Court for Campbell County
### No. 13947     John D. McAfee, Judge

### No. E2008-01616-SC-R11-CV - Filed December 21, 2010

WILLIAM C. KOCH, JR., J., concurring in part and concurring in the judgment.

I concur with the Court's conclusion that Mr. Fannon has standing under Tenn. Code Ann. § 8-44-106(a) (2002) to seek judicial relief from his colleagues' violation of the Sunshine Law [Tenn. Code Ann. §§ 8-44-101 to -111 (2002 & Supp. 2010)].  I also agree that Mr. Fannon was the prevailing party in the proceedings below and that he was entitled to recover discretionary fees under Tenn. R. Civ. P. 54.04(2) but not attorney's fees.  I am constrained to prepare this separate opinion because, unlike the Court, I have concluded that Mr. Fannon's status as a public official provides an independently sufficient basis to confer standing on him to challenge the conduct of his fellow members of the LaFollette City Council.

In order to establish standing, the plaintiff must demonstrate (1) that it sustained a distinct and palpable injury, (2) that the injury was caused by the challenged conduct, and (3) that the injury can be redressed by the sorts of remedies available in judicial proceedings. *ACLU of Tenn.  v. Darnell*, 195 S.W.3d 612, 620 (Tenn. 2006); *MARTA v. Metro. Gov't of Nashville & Davidson Cnty.*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992).  It is generally accepted that legislators have a plain, direct, and adequate interest in maintaining the effectiveness of their votes, *Coleman v. Miller*, 307 U.S. 433, 438 (1939), and that this interest is sufficient to provide them standing to challenge any process that dilutes the effectiveness of their votes.  We acknowledged this principle in *ACLU of Tenn. v. Darnell*, 195 S.W.3d at 625-26 and in *Ashe v. Leech*, 653 S.W.2d 398, 400 (Tenn. 1983).

A legislative body consists of a group of elected officials who conduct the public's business in an open and deliberative manner.  In order to cast their votes in an informed manner, members of legislative bodies should be given the opportunity to participate fully

in the debate and discussion surrounding the proposals they are asked to consider, and these discussions and debates should precede the final legislative action. These values are reflected in the Sunshine Law where the General Assembly states that "it . . . [is] the policy of this state that the formation of public policy and decisions is public business and shall not be conducted in secret." Tenn. Code Ann. § 8-44-101(a).

Mr. Fannon's complaint alleges that two council members met privately with certain city employees without notice to the public or other members of the city council and that, in the absence of the city administrator, agreed to give raises to certain employees and to fill several vacant city positions. Mr. Fannon's complaint also alleges that the council approved these decisions at a later meeting and that the outcome of the meeting "had been previously prearranged as a last minute plan to substantially increase the pay for a handful of City of LaFollette employees."

Unannounced meetings of members of a legislative body in which decisions are made and then later rubber stamped undermine the purpose of a deliberative legislative process in which governmental policy is decided openly. Allowing a small number of members of a legislative body to discuss and make decisions privately without the participation of the other members of the legislative body dilutes, if not undermines, the effectiveness of the votes of the members who are not invited to participate in the secret meetings.

Based on the allegations in Mr. Fannon's complaint, it is not difficult to conclude that the effectiveness of Mr. Fannon's vote as a member of the LaFollette City Council was undermined when he was not notified of the meeting in which other city council members deliberated and made decisions regarding budgetary matters that were later brought before the council for a vote.

_____
WILLIAM C. KOCH, JR., JUSTICE